Filed 4/14/25  P. v. Cabrera CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C100614 |
| Plaintiff and Respondent, | (Super. Ct. No. 23CF00693) |
| v. | |
| ADRIAN JOSEPH CABRERA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Adrian Joseph Cabrera asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We therefore affirm.

BACKGROUND

In January 2023, police officers responded to the report of a "suspicious male," later identified as defendant, who jumped a fence to gain access to a backyard.  The officers found defendant in a residential carport, put him into their patrol car, and took him back to his father's house.  When they arrived at his father's house, the officers took defendant out of the patrol car and waited for his father.  While they were waiting,

1

defendant said to one of the officers, " 'I promise you I will kill you in your mother fucking sleep bitch.  And that's on everything I fucking love [n-word].  I promise you [n-word].  Take it as a threat or whatever the fuck you want [n-word].  I promise you [n-word].  I will kill you in your mother fucking sleep [n-word] bitch.  I promise you; I will kill your kids and everything [n-word].  I promise you [n-word].  Your kids are dead [n-word].  Straight the fuck up.  I don't care what you got to say [n-word].' "  He also told the officer:  I will "slit your fucking throat."

After he was identified by his father, the police officers arrested defendant for making criminal threats.  As they walked defendant back to the patrol car, he kicked a second officer in the leg.  The officers then "[took defendant] to the ground and kept [him] there until he complied with the officer's directives."  As a result, defendant "sustained a bleeding lip;" the officers called for emergency medical services.  While they waited for emergency medical services, defendant said to one of the officers, " 'I will slit your throat and watch you bleed out.' "

Once defendant was back in the patrol car, defendant kicked one of the officers a second time and refused to sit up.  As the officer attempted to secure defendant with a seat belt, defendant " 'head-butted' " the officer and kicked him in the chest.  Defendant continued to call both officers the n-word while kicking the patrol car's door and the metal bars on the car's window.  At one point, defendant spit in the officer's face.  When the officers were finally able to close the patrol car door, defendant started kicking and banging his head against the car door and window.  When one of the officers told defendant to stop, defendant demanded to be released to his father and tried to kick the officer.  Defendant told the officer he would kick him " 'in the fucking face' " if the officer got near him.

As the police officers drove defendant to the county jail, defendant continued to tell them he would slit their throats.  He also continued to hit his head against the patrol car window.  The officers stopped en route and again contacted emergency medical

2

services. After they arrived, emergency medical services evaluated defendant and determined he required a CT scan. The officers released defendant into their care.

In February 2023, the People charged defendant in Butte County Superior Court, case No. 23CF00693, with attempted criminal threats (Pen. Code,[1] §§ 664, 422, subd. (a)) and resisting arrest (§ 69, subd. (a)). Defendant subsequently pled no contest to both charges along with pending misdemeanor charges in four unrelated cases in exchange for no immediate state prison time. On defendant's plea form, he waived his right to a jury trial or a court trial on the aggravating circumstances and stipulated the sentencing judge could find aggravating circumstances as they appeared in police reports and the probation report.

At sentencing on March 29, 2023, the trial court told defendant: "[Y]ou're only 18 years old, and you're going to turn 19 in a couple of weeks. [¶] I've looked at your juvenile history. You are off to a rocky start, [defendant]. [¶] Now is the time to change. [¶] You are not in . . . Juvenile Court anymore. There's state prison in Adult Court. You need to recognize that and work with Probation. [¶] I will recognize and honor the no-immediate-state-prison agreement."

The trial court suspended the imposition of sentence and placed defendant on five years of formal probation based on the parties' agreement and defendant's lack of a "significant adult prior record." The court ordered defendant to pay the mandatory fines and fees; the court imposed but stayed the $300 probation revocation fine pursuant to section 1202.44.[2]

On August 30, 2023, defendant admitted to violating his probation. On December 13, 2023, he admitted to violating his probation again and agreed to waive his

---

[1]     Further undesignated section references are to the Penal Code.

[2]     The trial court also imposed the mandatory fines and fees on each of defendant's misdemeanor convictions.

3

presentence custody credits. On January 12, 2024, the People filed another petition alleging defendant violated his probation. Defendant admitted to that violation as well.

At sentencing on February 21, 2024, defendant asked the trial court to reinstate him on probation. Alternatively, he argued he should be sentenced to the low term because he was only 18 years old when he committed his crimes. The court was not persuaded: "There are no statutory restrictions on continuing defendant on probation in these cases, however, I am denying defendant's application for continuation on probation due to his unwillingness to comply with terms and conditions of probation and inability to comply with those reasonable terms and conditions. [¶] Defendant has been tried in these matters and failed. Any one of the reasons standing alone gives sufficient reason to justify and warrant denial of probation in these cases."

The trial court found that, based on his age at the time of the offenses, defendant was a youthful offender, as defined in section 1016.7, subdivision (b). Nevertheless, based on the aggravating factors stipulated to by defendant, the court found that the imposition of the low term would not be in the interest of justice. The court identified the following as aggravating factors: (1) defendant was on probation, (2) the crimes involve great violence, great bodily harm, a high degree of cruelty, viciousness, or callousness, and (3) defendant engaged in conduct that indicates he is a serious danger to society.

In mitigation, the trial court noted (in addition to defendant's youth) that defendant had a minimal record of prior misconduct. Balancing these aggravating and mitigating factors, the court found the upper term was not warranted and imposed the middle term of two years for resisting arrest and a consecutive one-third of the middle term for attempted criminal threats for an aggregate term of two years four months.[3] The court awarded defendant 140 days of conduct credit and reaffirmed the fees previously ordered. The

---

[3]    The trial court sentenced defendant to concurrent terms for his misdemeanor convictions.

4

court added a $300 parole revocation fine pursuant to section 1202.4 and lifted the stay on the $300 probation revocation fine.

Defendant filed a timely notice of appeal without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date the opening brief was filed. More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


_____\s\_____
Krause, J.


We concur:


_____\s\_____
Earl. P. J.


_____\s\_____
Hull, J.


5